# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRILO MIGUEL MORENO,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, BANK OF AMERICA, NA, THE BANK OF NEW YOUR MELLON, SELECT PORTFOLIO SERVICING INC. and DOES 1-20,<br><br>Defendants. | CASE NO. 15cv1570 DMS (DHB)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

This matter comes before the Court on Plaintiff's *ex parte* application for a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b)(1) to prevent Defendants from proceeding with a foreclosure sale of Plaintiff's property. Rule 65(b)(1) allows for issuance of a TRO:

> without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiff's counsel states she provided a copy of this application by fax to "all interested parties" on July 17, 2015, the date the application

was filed, and has "not been contacted by counsel for any served Party." (Decl. of Cari Donohue in Supp. of Appl. ¶ 12.) There is no opposition to the present application.

## I.
## BACKGROUND

Plaintiff is the owner of real property located at 4314 Arbor Cove Circle in Oceanside, California. Plaintiff obtained a loan to purchase this property from Aegis Wholesale Corporation in 2005. The original Deed of Trust for the property lists Commonwealth Land Title as Trustee and MERS as the beneficiary. On May 10, 2011, MERS filed an Assignment of the Deed of Trust to The Bank of New York Mellon.

In 2008, Plaintiff fell behind on his payments, and on July 3, 2008, a Notice of Default was recorded against the property. It appears the servicer of Plaintiff's loan attempted several times to contact Plaintiff regarding his loan. On August 8, 2011, a Notice of Trustee's Sale was recorded against the property with a sale date of August 26, 2011. A subsequent Notice of Trustee's Sale was recorded against the property on December 11, 2014, with a sale date of January 2, 2015. On that date, January 2, 2015, Plaintiff filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of California. That case was closed on May 11, 2015. The most recent Notice of Trustee's Sale lists a sale date of July 20, 2015.

Despite this long history, Plaintiff waited until July 15, 2015, five days before the scheduled foreclosure sale, to file the present case. In the Complaint, Plaintiff alleges claims for wrongful foreclosure, violation of the Real Estate Settlement Procedures Act ("RESPA"), violation of California's Homeowner's Bill of Rights, negligence, violation of California Business and Professions Code § 17200, rescission under the Truth in Lending Act ("TILA"), violation of California Civil Code § 2923 and declaratory relief. On July 16, 2015, Plaintiff filed a motion for preliminary injunction, which was

scheduled for hearing on August 24, 2015.[1]  Plaintiff now moves for a temporary restraining order to prevent the July 20, 2015 foreclosure sale pending a hearing on the motion for preliminary injunction.

## II.
## DISCUSSION

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment.  *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter,* 129 S. Ct. at 374).

Here, Plaintiff has shown that there is a likelihood he will suffer irreparable injury due to the scheduled foreclosure sale of his home.  However, he has not shown that any of the other factors for injunctive relief weigh in his favor.  Specifically, he has not shown he is likely to succeed on the merits of any of his claims, that the balance of

---

[1] The case was originally assigned to the Honorable M. James Lorenz, and the motion for preliminary injunction was scheduled on Judge Lorenz's calendar.  The following day, July 17, 2015, the case was reassigned to the undersigned.

equities tips in his favor or that an injunction would be in the public interest. In the absence of a showing on any of these factors, Plaintiff is not entitled to a temporary restraining order.

## III.
## CONCLUSION

For these reasons, Plaintiff's *ex parte* application for a temporary restraining order is denied.

**IT IS SO ORDERED**.

DATED: July 17, 2015

HON. DANA M. SABRAW
United States District Judge